IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BRASWELL, on behalf of plaintiff and a class, and PEOPLE OF THE STATE OF ILLINOIS EX REL. MICHAEL BRASWELL, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No.: 18-cv-7626 ) |
| vs. | ) ) |
| WELTMAN, WEINBERG & REIS CO., L.P.A.; BOSCO CREDIT II TRUST SERIES 2010-1, a Delaware statutory trust, FRANKLIN CREDIT MANAGEMENT CORPORATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.  Plaintiff Michael Braswell brings this action to secure redress from unlawful collection practices engaged in by defendants Weltman, Weinberg & Reis Co., L.P.A. ("WWR"), Bosco Credit II Trust Series 2010-1, a Delaware Statutory Trust ("Bosco 2010-1"), and Franklin Credit Management Corporation ("Franklin Credit"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Plaintiff People of the State of Illinois ex rel. Michael Braswell alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 ("ICAA"), by unlicensed collection activities.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff Michael Braswell seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

    a. Defendant WWR has offices within this District;

      b.      Defendants Bosco 2010-1 and Franklin Credit contracted with WWR to have illegal conduct performed on their behalf at WWR's offices within this District;

      c.      A material part of the acts complained of occurred within this District.

## PARTIES

10. Plaintiff Michael Braswell is an individual who resides in the Northern District of Illinois.

11. Defendant WWR is a law firm organized as an Ohio corporation with principal offices in Ohio. It maintains offices at 180 N LaSalle, Suite 2400, Chicago, IL 60601, from which all of the conduct complained of took place.

12. Defendant WWR is engaged in the collection of consumer debts for others, using the mails, telephone system, and Internet for that purpose.

13. Defendant WWR has a web site (https://www.weltman.com/practices) where it describes itself as follows: "Weltman, Weinberg & Reis Co., LPA represents nearly every type of creditor, including some of the largest financial institutions in the U.S., in bankruptcy, consumer and commercial collections, litigation, and real estate default matters . . . "

14. Defendant WWR is a debt collector as defined in the FDCPA.

15. Defendant Bosco 2010-1 is a Delaware statutory trust entity. Its trustee, registered agent and office is Deutsche Bank Trust Company Delaware, 1011 Centre Rd., Ste, 200, Wilmington, DE 19805-1266.

16. Defendant Bosco 2010-1 is engaged in the business of acquiring (or claiming to acquire) defaulted consumer debts and liquidating them.

17. Defendant Bosco 2010-1 is one of a number of "Bosco" entities under common ownership and management, including on information and belief:

| | |
|---|---|
| 5015934 | BOSCO CAPITAL LLC |
| 4874310 | BOSCO CREDIT II TRUST SERIES 2010-1 |
| 4900768 | BOSCO CREDIT II TRUST SERIES 2010-1 |
| 6521086 | BOSCO CREDIT II TRUST SERIES 2017-1 |

| | |
|---|---|
| 6535233 | BOSCO CREDIT II TRUST SERIES 2017-1 |
| 4868233 | BOSCO CREDIT II, LLC |
| 4911610 | BOSCO CREDIT III TRUST SERIES 2010-1 |
| 4902609 | BOSCO CREDIT III, LLC |
| 4917708 | BOSCO CREDIT IV, LLC |
| 4388444 | BOSCO CREDIT LLC |
| 5146150 | BOSCO CREDIT V TRUST SERIES 2012-1 |
| 5103548 | BOSCO CREDIT V, LLC |
| 5146147 | BOSCO CREDIT VI TRUST SERIES 2012-1 |
| 5143757 | BOSCO CREDIT VI, LLC |
| 5388928 | BOSCO CREDIT VII, LLC |
| 6504313 | BOSCO CREDIT VIII, LLC |

18. On information and belief, Franklin Credit collects for all of these Bosco entities. In recent years, Franklin Credit has attempted to collect or collected debts allegedly owned by Bosco entities from over 1,000 Illinois residents.

19. Among the methods Bosco 2010-1 and other Bosco entities use to liquidate the debts is filing suit on them.

20. A majority of the revenue of Bosco 2010-1 and the other "Bosco" entities is derived from the liquidation of defaulted consumer debts.

21. At no time has Bosco 2010-1 or any of the "Bosco" entities listed above held a debt collection license from the Illinois Department of Financial and Professional Regulation.

22. Bosco 2010-1 and other "Bosco" entities have nevertheless filed multiple collection and foreclosure lawsuits on consumer debts in Illinois courts.

23. In addition, Franklin Credit and WWR have threatened to file collection and foreclosure lawsuits on consumer debts allegedly owned by Bosco 2010-1 and other Bosco entities in Illinois courts.

24. Bosco 2010-1 is a debt collector as defined in the FDCPA.

25. Bosco 2010-1 is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

26. Defendant Franklin Credit is a Delaware corporation with its principal offices at 101 Hudson Street, 25th floor, Jersey City, NJ 07302. Its registered agent and office is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

27. Defendant Franklin Credit is engaged in the servicing and liquidation of non-performing residential mortgage loans owned by others, including Bosco 2010-1 and the other Bosco entities.

28. Franklin Credit manages collection activities on behalf of Bosco 2010-1 and the other Bosco entities. Franklin Credit retains counsel, communicates with consumers, and receives money on their behalf.

29. Franklin Credit is a debt collector as defined in the FDCPA.

30. Franklin Credit is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

## FACTS

31. Defendants have been attempting to collect from Mr. Braswell an alleged debt consisting of a second mortgage loan.

32. The loan was obtained for personal, family or household purposes and not for business purposes.

33. The debt is allegedly owned by Bosco 2010-1. WWR and Franklin Credit are attempting to collect it.

34. On January 30, 2018, WWR sent Mr. Braswell the letter attached as Appendix A. The letter was sent at the direction or on behalf of Franklin Credit and referred to legal action. It also directed communications and payments to Franklin Credit.

35. Appendix A is a form letter.

36. Appendix A is regularly used by WWR as the initial letter it sends to collect a debt on behalf of one of the "Bosco" entities.

37. WWR was retained by Franklin Credit.

38. Franklin Credit retains counsel for the "Bosco" entities listed above, including Bosco 2010-1.

39. No legal action could lawfully be brought by Bosco 2010-1 or the other "Bosco"

entities listed above because they were not licensed.

40. On or about August 13, 2018, Bosco 2010-1, represented by WWR's Chicago office, filed a lawsuit against Mr. Braswell in Cook County, Illinois, Circuit Court, case 2018 M1 127929, seeking to collect the debt.  A copy of the complaint is in Appendix B.

41. On information and belief, the action was filed beyond the statute of limitations.

42. As a result of the filing, Mr. Braswell was damaged, in that he:

    a. Was required to pay an appearance fee;

    b. Was required to hire and pay counsel to defend the lawsuit;

    c. Suffered aggravation and distress.

43. Defendant Bosco 2010-1 violated 225 ILCS 425/4 by collecting without a license.

44. Section 425/4 provides:

> **Sec. 4.  No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State *if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state* provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.  (Emphasis added)**

45. Bosco 2010-1's activities, and the activities of the other "Bosco" entities, in Illinois are not limited to collecting debts from debtors located in Illinois by means of interstate communication such as telephone, mail, or facsimile transmission from Bosco 2010-1's location in another state, in that Bosco 2010-1 files lawsuits in Illinois.

## COUNT I – FDCPA

46. Plaintiff Michael Braswell incorporates paragraphs 1-45.

47. This claim is against all defendants.

48. Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by

6

sending a letter referring to suit and then filing suit against Michael Braswell and other Illinois residents, when Bosco 2010-1 was not licensed to conduct debt collection activities in Illinois. *Galvan v. NCO Portfolio Management, Inc.*, 794 F.3d 716 (7th Cir. 2015); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). Defendants further violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by engaging in the filing of a time-barred lawsuit.

## CLASS ALLEGATIONS

49. Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

50. The WWR class consists of (a) all individuals with addresses in Illinois (b) with respect to whom WWR filed a lawsuit, or sent a letter referring to a lawsuit, (c) to collect a debt allegedly owned by one of the Bosco entities (d) at any time on or after one year prior to the filing of this action.

51. The Franklin Credit class consists of (a) all individuals with addresses in Illinois (b) with respect to whom a lawsuit was filed, or a letter referring to a lawsuit was sent, (c) to collect a debt allegedly owned by one of the Bosco entities (d) at any time on or after one year prior to the filing of this action.

52. On information and belief, the class members are so numerous that joinder of all members is not practicable.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Bosco 2010-1 and the other Bosco entities are prohibited from filing lawsuits in Illinois because they are not licensed collection agencies;

    b. Whether filing or threatening lawsuits by or on behalf of an unlicensed debt collector violates the FDCPA, ICAA or ICFA.

54. Plaintiff's claim is typical of the claims of the class members. All are based on

7

the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT II – ICFA

57. Plaintiff Michael Braswell incorporates paragraphs 1-45.

58. This claim is against Bosco 2010-1 and Franklin Credit.

59. Defendants engaged in unfair practices, in violation of 815 ILCS 505/2, by threatening and filing suit against plaintiff and others when they were prohibited by law from engaging in such action.

60. Such conduct was contrary to public policy, as set forth in the ICAA, and injurious to consumers.

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

62. The class consists of (a) all individuals with addresses in Illinois (b) with respect to whom a lawsuit was filed, or a letter referring to a lawsuit was sent, (c) to collect a debt allegedly owned by one of the Bosco entities (d) at any time on or after 3 years prior to the filing of this action.
.

63. On information and belief, the class is so numerous that joinder of all members is not practicable, in that more than 60 lawsuits were filed in 2018 alone.

64. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Bosco 2010-1 is engaged in unlicensed collection activities.

    b. Whether the filing of lawsuits by or on behalf of an unlicensed debt collector violates the ICFA.

65. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

66. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and collection abuse litigation.

67. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant Bosco 2010-1 for:

    i. Actual damages;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

68.    Plaintiff People of the State of Illinois ex rel. Michael Braswell incorporates paragraphs 1-45.

69.    This claim is against Bosco 2010-1.

70.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

71.    Defendant violated 225 ILCS 425/4 by collecting without a license.

72.    225 ILCS 425/14a provides:

> **Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant Bosco 2010-1:

      i.      An injunction against further collection activities directed to Illinois consumers;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as is appropriate.

      s/Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                        s/Daniel A. Edelman
                                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)